## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

GLENN MARSHAL,
PAMELA MARSHALL,

                **Plaintiff,**

-vs-                                  **Case No. 6:05-cv-1587-Orl-18KRS**

ELECTROLUX HOME PRODUCTS, INC.,

                **Defendant.**

---

## ORDER

THIS CAUSE comes before the Court upon Defendant Electrolux Home Products, Inc.'s

Motion for Summary Judgment with Incorporated Memorandum of Law (Doc. 24, filed

September 25, 2006) to which Plaintiffs Glenn Marshall and Pamela Marshall responded in

opposition. (Doc. 28, filed November 1, 2006.) Plaintiffs Glenn Marshall ("Plaintiff") and

Pamela Marshall bring this action against Defendant Electrolux Home Products, Inc.

("Defendant") asserting a total of three counts based on strict liability, negligence, and

consortium. After reviewing the motions and memoranda provided by the parties, the Court

grants Defendant's Motion for Summary Judgment.

### I. BACKGROUND

This action arises from Plaintiff's alleged fall from a lawn tractor on August 9, 2003.

Plaintiff alleges that he was using a lawn tractor manufactured and distributed by Defendant

when one of its wheels fell off and caused Plaintiff to be thrown from the tractor and suffer

physical and mental injuries. Plaintiff initially filed a complaint against Defendant in state court

on August 10, 2005.  The case was subsequently removed to this Court (Doc. 1, filed October 20, 2005) and Plaintiff later amended his complaint  to assert a consortium claim on behalf of his wife, Pamela Marshall.  (Doc. 21, filed March 30, 2006.)

On August 29, 2005, Plaintiff filed a Chapter 7 Petition for Bankruptcy in the Northern District of Georgia.  Plaintiff amended his petition on September 13, 2005 and the bankruptcy was discharged on December 1, 2005.  Although the bankruptcy petition included a Statement of Financial Affairs which specifically asked Plaintiff to "[l]ist all suits and administrative proceedings to which [Plaintiff] is or was a party within **one year** immediately preceding the filing of this bankruptcy case," Plaintiff did not disclose his claims against Defendant.  (Doc. 24-6 at 8.)  Defendant alleges that it was through its own counsel's diligence that it discovered that Plaintiff had filed a bankruptcy petition and had failed to disclose the instant lawsuit.

Thomas D. Richardson, the Bankruptcy Trustee ("Bankruptcy Trustee"), claims that he was informed of the present claim on or about August 8, 2006, at the time mediation was scheduled in this case.  The Bankruptcy Trustee alleges that at some point after having determined that Plaintiff failed to disclose this claim in his bankruptcy petition, he reopened the bankruptcy proceedings.  The Bankruptcy Trustee subsequently filed a Motion to Intervene and Memorandum in Support Thereof.  (Doc. 31. filed November 1, 2006.)

## II. ANALYSIS

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories. and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322

## B. Judicial Estoppel

Defendant contends that the doctrine of judicial estoppel bars Plaintiff from pursuing his claims because he failed to disclose the present lawsuit to the bankruptcy court. "Judicial estoppel is an equitable doctrine invoked at a court's discretion." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). It precludes a party "from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." Id. (internal quotation marks omitted). "The purpose of the doctrine, 'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)). When determining whether to apply the doctrine of judicial estoppel, courts in the Eleventh Circuit must "begin with a consideration of two primary factors." Ajaka v. Brooksamerica Mortgage Corp., 453 F.3d 1339, 1344 (11th Cir. 2006). "First, the allegedly inconsistent positions must have been taken under oath in a prior proceeding, and second, they must have been calculated to make a mockery of the judicial system." Id. ( internal quotation marks omitted).

While "intentional contradictions, not simple error or inadvertence," satisfy the second requirement, "several circuits, in considering the particular issue of judicial estoppel and the omission of assets in a bankruptcy case, have concluded that deliberate or intentional manipulation can be inferred from the record." Burnes, 291 F.3d at 1286-87. Specifically, "[i]n the context of a bankruptcy case, judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the claims

-4-

and had a motive to conceal them from the bankruptcy court." Muse v. Accord Human Res., Inc., 129 Fed. Appx. 487, 488 (11th Cir. 2005) (citing DeLeon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003)).  A plaintiff possesses the requisite motive when it appears he "gain[ed] an advantage" by failing to list claims on the schedule of assets.  Barger v. City of Cartersville, 348 F.3d 1289, 1296 (11th Cir. 2003) (stating that a plaintiff appeared to benefit by omitting claims because she could keep any proceeds for herself and not have them become part of the bankruptcy estate).

In the present case, it is undisputed that Plaintiff submitted his Statement of Financial Affairs under oath to the bankruptcy court and that he failed to disclose the claims against Defendant. (Pl.'s Aff. ¶ 8.)  While it is also undisputed that Plaintiff knew about the claims against Defendant, Plaintiff argues that he did not have the requisite intent to mislead the bankruptcy court. (Doc. 28 at 2-3.)  He alleges that he provided his bankruptcy attorney with information about these claims during the pendency of the bankruptcy proceeding. (Pl.'s Aff. ¶ 9.)  However, the Eleventh Circuit has stated that "the attorney's omission is no panacea." Barger, 348 F.3d at 1295.  By not disclosing the claims to the bankruptcy court, Plaintiff gained an advantage because he had the opportunity to keep any proceeds he could recover without having them become property of the bankruptcy estate.  Thus, Plaintiff had a motive to conceal the claims from the bankruptcy court.  Since Plaintiff had knowledge of the claims and a motive to conceal them, it can be inferred that he intended to make a mockery of the judicial system. Thus, judicial estoppel applies and Plaintiff is barred from asserting the claims against Defendant.

Plaintiff also argues that Defendant's motion should be denied because the bankruptcy proceeding has been reopened and the claim against Defendant is now part of that proceeding. (Doc. 28 at 3.)  However, the Eleventh Circuit has stated that a party's "attempt to reopen the bankruptcy estate to include [previously undisclosed] claim[s] hardly casts [him] in the good light [he] would like." Barger, 348 F.3d at 1297 (noting that the plaintiff "only sought to reopen the bankruptcy estate after the defendants moved the district court to enter summary judgment against her on judicial estoppel grounds"). In the present case, the Bankruptcy Trustee was not informed of Plaintiff's claims against Defendant until almost one year after the initial state court filing. (Doc. 31 at 2.)

Moreover, the Bankruptcy Trustee's argument against the application of judicial estoppel also fails.  In his Motion to Intervene, he relies on Parker v. Wendy's Int'l, Inc. However, in Parker, the trustee of the bankruptcy had moved to intervene and the district court had granted his motion *before* the defendant even argued judicial estoppel. Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1270 (11th Cir. 2004). The sequence of events of the present case is more akin to that of Burnes where the court stated that "allowing [the plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." Burnes, 291 F.3d at 1288. Here, the Bankruptcy Trustee was not informed of the present claims until one year after the filing of the initial state court action and it was not until Defendant moved for summary judgment and argued that judicial estoppel barred Plaintiff's claims that the Bankruptcy Trustee moved to intervene. These are appropriate

circumstances in which to apply the doctrine of judicial estoppel. Thus, Defendant is entitled to summary judgment on Plaintiff's claims of strict liability and negligence.

Plaintiff's wife, Paula Marshall, asserts a consortium claim as a result of her husband's injuries. "It is well established and uncontested that loss of consortium can be sustained only as a derivative claim." Doran v. City of Clearwater, 814 F. Supp. 1079, 1080 (M.D. Fla. 1993). Specifically, "a claim for loss of consortium may only be maintained where the spouse alleging injury is entitled to recovery on a separate, independent claim." Nichols v. Wal-Mart Stores, Inc., No. 95-1252-CIV-T-23E, 1997 WL 33147702, at *6 (M.D. Fla. Mar. 26. 1997). Since Plaintiff is judicially estopped from asserting his claims and is not entitled to recovery, Defendant is also entitled to summary judgment on Paula Marshall's loss of consortium claim.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED.**

Any other pending motions are **DENIED** as moot.  The Clerk of the Court is directed to

**ENTER JUDGMENT** on behalf of Defendant and **CLOSE THE CASE**.


**DONE** and **ORDERED** in Orlando, Florida on this ____ day of December, 2006.


**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-8-